This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Elizabeth Smith, by and through her next friend, Betsy Smith, has appealed from the order of the Summit County Common Pleas Court that affirmed the decision of Appellee, the Revere Local School District Board of Education, suspending Elizabeth for three days. This Court affirms.
 I.
On May 6, 1999, Elizabeth was hand delivered a notice of intended suspension for excessive tardiness. An informal hearing took place at which the superintendent upheld the suspension. Elizabeth appealed to the Board pursuant to R.C. Chapter 2506. The Summit County Common Pleas Court affirmed the Board's decision. Elizabeth timely appealed, asserting four assignments of error.
As a preliminary matter, this Court notes that Elizabeth has not challenged the fact that she was tardy; rather, Elizabeth has raised arguments concerning the notice of her suspension and the school board's policy of suspending students for excessive tardiness and administering academic failure grades for poor attendance. This Court has consolidated some of Elizabeth's arguments because they are interrelated. Before addressing Elizabeth's arguments this Court has set forth the appropriate standard of review for an administrative appeals.
 II.
R.C. Chapter 2506 governs administrative appeals from decisions by a school board. See R.C. 2506.01. The appeal is first addressed to the court of common pleas. Id. The common pleas court's standard of review is set forth in R.C. 2506.04 as follows:
 The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. * * *
 An appellate court must affirm the common pleas court, unless it finds, as a matter of law, that the court's decision "is not supported by a preponderance of reliable, probative and substantial evidence." Smith v. Granville Twp. Bd. of Trustees (1998), 81 Ohio St.3d 608, 613, quoting Kisil v. Sandusky
(1984), 12 Ohio St.3d 30, 34. In making this determination, this Court applies an abuse of discretion standard. Nauth v. Sharon Twp. Bd. of Zoning Appeals, (Sept. 2, 1998), Medina App. No. 2754-M, unreported, at 4. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Bresson (1990), 51 Ohio St.3d 123, 129. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
 Assignment of Error Number One The Common Pleas Court erred to the prejudice of [Appellant] when it held that the notice of intended suspension was not deficient and the Revere Local School District met the requirements of R.C. 3313.66(A).
 Assignment of Error Number Two The common pleas court abused its discretion when it held that [Appellant] was afforded an informal hearing.
In her first and second assignments of error, Elizabeth has argued that the common pleas court erred when it determined that the notice of suspension met the requirements of R.C. 3313.66(A). This Court disagrees.
R.C. 3313.66(A) mandates that before a student is suspended, the superintendent or principal must: (1) give the pupil written notice of the intention to suspend the pupil and the reasons for the intended suspension and (2) provide the pupil an opportunity to appear at an informal hearing before the principal, assistant principal, superintendent, or superintendent's designee and challenge the reason for the intended suspension or otherwise to explain the pupil's actions.
The record of the present case reveals that Principal Rader hand delivered the notice of suspension to Elizabeth on May 6, 1999. The notice indicated that Elizabeth would be suspended from May 7, 1999 to May 11, 1999. It listed the grounds for the suspension as "excessive tardiness to school (13th offense)." Moreover, Mr. Rader testified at the hearing before the board of education that he met Elizabeth the same day to discuss the suspension. At this informal meeting, Elizabeth was afforded an opportunity to explain her reason for the tardiness. Finally, Mr. Rader stated that he gave Elizabeth a copy of the notice and had her sign it. Based on the foregoing, the trial court did not abuse its discretion in finding that the notice of intended suspension satisfied R.C. 3313.66(A). Elizabeth's first and second assignments of error are overruled.
 Assignment of Error Number Three The common pleas court erred to the prejudice of [Appellant] by holding that a policy of suspension of student from the academic environment for being tardy to class is not unconstitutional, unreasonable and the board of education did not abuse its discretion in adopting said policy.
 Assignment of Error Number Four The common pleas court erred to the prejudice of [Appellant] by holding that a policy of granting a student "attendance failure" grades on the student's permanent record for absences from school irrespective of whether those absences are excused or un-excused is constitutionally impermissible and/or and abuse of discretion there being error in the board of education adopting such policy and enforcing the same.
 In her third and fourth assignments of error, Elizabeth has argued that the board of education's policy of suspending students for excessive tardiness is unconstitutional and unreasonable. Additionally, Elizabeth has relied on State ex rel Barno v. Crestwood Bd. of Educ. (1998), 134 Ohio App.3d 494, to support her proposition that the board's policy of attendance failure grades is an abuse of discretion and constitutionally impermissible. This Court disagrees.
Section 3, Article VI of the Ohio Constitution provides, in pertinent part, that "[p]rovision shall be made by law for the organization, administration and control of the public school system." R.C. 3313.47
further states that "* * * the local board of education shall have the management and control of all the public schools" that operate in the district. The board of education may implement rules that are necessary to operate the school. See R.C. 3313.20(A). The policies enacted are generally left to the sound discretion of the boards of education.Barno, 134 Ohio App.3d at 502.
In Barno, the Eleventh District Court of Appeals held that an attendance policy that does not distinguish between excused and unexcused absences and that would deny a student a diploma solely as a consequence of excessive absences is unreasonable. Barno, 134 Ohio App.3d at 507. The court stated that R.C. 3313.60, which sets forth the curriculum for a school, does not make attendance a prerequisite for academic credit.Id. at 505-506. Second, the court determined that any attendance policy that does not distinguish between excused and unexcused absences is unreasonable. Id. at 507. Lastly, the court stated that the board failed to specify in the student handbook what the committee would consider as extenuating circumstances to excuse an absence. Id. at 507-508.
In this case, Revere's student handbook states that the school:
 believe[s] there is a direct, positive correlation between a student's academic success, his/her attendance, and the amount of quality time that is actually spent on instruction and/or learning activities. Frequent absence from school disrupts the continuity of the instruction process. As a result, the benefit of regular classroom instruction is lost and cannot be entirely regained even by make-up work.
The handbook also indicates that repeated tardiness to school or class shall be grounds for disciplinary action. It lists the progression of discipline for each tardy. After the ninth tardy, the student will receive a notice of intended suspension from school. The handbook provides that a suspension from school is an unexcused absence in which the student will not be allowed to make up the work in a class. Finally, the handbook and attendance policy of Revere indicate that if a student has more than twelve unexcused absences in a class in one semester, he/she will not receive credit for that class, resulting in an administrative failure to that class.
Revere's attendance and administrative failure policy is distinguishable from Barno because the policy in Barno specified that if a student's attendance was less than 93% for an academic year, he/she would not graduate; while Revere's policy may or may not effect whether a student graduates. Revere's policy promotes attendance for academic performance in the classroom and provides certain repercussions for excessive unexcused absences.[1] Lastly, Revere's policy is different from Barno because it distinguishes between excused and unexcused absences from a class, and there is a list of extenuating circumstances that will result in an excused absence. Accordingly, the common pleas court did not abuse its discretion when it held that the board of education's policy of suspending students for excessive tardiness and for administering attendance failure grades is neither unreasonable nor constitutionally impermissible. Elizabeth's arguments are not well taken.
 III.
Elizabeth's assignments of error are overruled. The judgment of the Summit County Common Pleas Court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
______________________________________ BETH WHITMORE
BAIRD, P.J., SLABY, J. CONCUR.
[1] Although this case is distinguishable from Barno, the Eleventh District Court of Appeals indicated in dicta that a board of education is "free to select a policy that provides incentives for good attendance, dispenses punitive, administrative consequences for bad attendance, such as detentions and suspensions, lower grades when a predetermined number of absences is reached, or the like."